62 F.3d 1432
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Domingo C. CALISAAN, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 95-3125.
 United States Court of Appeals, Federal Circuit.
 July 7, 1995.
Rehearing Denied; Suggestion for Rehearing In Banc Declined
Nov. 8, 1995.
 
 Before MAYER, Circuit Judge, COWEN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ON MOTION
 MAYER, Circuit Judge.
 
 ORDER
 
 1
 The Office of Personnel Management moves for summary affirmance of the Merit System Protection Board's decision holding that Domingo C. Calisaan was not entitled to retirement benefits under the Civil Service Retirement Act (CSRA), 5 U.S.C. Sec. 8331 et seq. We treat Calisaan's submission entitled "Informal Reply" as a motion for leave to supplement his informal brief.
 
 
 2
 Calisaan was employed from 1966 until 1991 by the Department of the Navy in Subic Bay, Philippines. In 1991, Calisaan retired, and he applied for retirement benefits under the CSRA. OPM denied Calisaan's application, and he appealed OPM's denial to the Board. The Administrative Judge (AJ) determined that Calisaan served under a series of temporary or excepted, indefinite appointments that were specifically excluded from CSRA coverage pursuant to 5 C.F.R. Sec. 831.201(a)(12)-(13). Thus, the AJ determined that while Calisaan had completed at least five years of creditable federal civilian employment, he had not been employed in a position covered by the CSRA. See 5 U.S.C. Sec. 8333(b); 5 U.S.C. Sec. 8347(g). Calisaan petitioned this court for review.
 
 
 3
 This court stayed Calisaan's petition for review pending our decision in Rosete v. OPM, no. 94-3342. In that case, Juanita Rosete argued that an "indefinite" appointment, such as hers, was not encompassed by the language of the statute that excluded only "temporary or intermittent" appointments. We held that OPM's regulation interpreting "temporary" as including indefinite appointments was "both reasonable and of long standing." Rosete, 48 F.3d at 519. Accordingly, we concluded that a federal retiree who had held an indefinite appointment in the excepted service did not have covered service within the meaning of the CSRA. Rosete, 48 F.3d at 520.
 
 
 4
 OPM argues that the Board's decision that Calisaan was not entitled to retirement benefits should be summarily affirmed based on our holding in Rosete. We agree. Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994). In the present case, it is clear that Rosete is dispositive and that summary disposition is warranted. Calisaan served either under Rosete-like indefinite appointments in the excepted service or under temporary appointments that are specifically excluded from CSRA coverage by statute. See 5 U.S.C. Sec. 8347(g). Further, the Board found that there was no evidence that Calisaan made contributions to the civil service retirement fund or that he was otherwise subject to the CSRA.
 
 
 5
 In his reply, Calisaan argues that Rosete was wrongly decided. However, we are bound by this court's holding in Rosete.
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) OPM's motion for summary affirmance is granted.
 
 
 8
 (2) Calisaan's motion for leave to supplement his informal brief is granted.
 
 
 9
 (3) Each side shall bear its own costs.